which is Victor Sasse versus Attorney General of the United States. And call upon Mr. Stevens, who appears virtually, I guess. You have reserved time for rebuttal. Yes, Your Honor. Five minutes, please. You may proceed. May it please the Court, my name is Mark Stevens, and I represent the petitioner Victor Sasse. The issue before the Court is whether aggravated identity theft is categorically a crime involving moral hypocrisy. I'm asking the Court to find that it is not, because it does not require the use or intended use of someone else's identity document. I want to note at the outset that the Department of Homeland Security had the burden to prove removability by clearing convincing evidence, because Mr. Sasse had been admitted as a lawful permanent resident. Mr. Stevens, Mr. Stevens, let me, You pose the question as categorically a crime involving moral turpitude, but both of you have taken up, in some form or fashion, and I did as well, whether this is subject to modified categorical approach analysis. Why shouldn't we be approaching it in that way in the first instance? Is this a divisible statute? Your Honor, there's not a lot of authority for it one way or the other. The BIA did not address divisibility. The IJ did though, right? Yes. But the IJ, did the IJ discuss the divisibility in any way, or did he just declare it? He did discuss divisibility, but the BIA did not adopt or endorse that reasoning. So should we remand it then, if we find that it is not appropriate for the categorical approach, but maybe for the modified categorical approach, since the BIA did not address that? Should we remand that to the BIA and ask them to consider that? Yes, Your Honor. I believe you should, because that's most in accord with Chenery Doctrine. The issue has not really been briefed by the parties, because it's not raised by the BIA decision, which is the decision being reviewed here. And there's not much authority for it one way or the other. The immigration judge. It's true that you folks didn't spend much ink on it, but assume for the sake of discussion here for a moment that we thought it was subject to the modified categorical approach. That we thought that the list of enumerated crimes associated with the statute set forth alternative elements, not alternative means. If that's the case, is there any question, legitimate question that can be raised, that bank fraud is not a crime involving moral turpitude? Bank fraud itself, no, Your Honor. OK, so if it is an element, if bank fraud is an element of aggravated identity theft under a divisible statute interpretation, why isn't it just plain on its face that we're dealing with a crime involving moral turpitude under the modified categorical approach, assuming the modified categorical approach applies? Yes, Your Honor. Assuming a modified categorical approach applies and the statute is divisible, there's one thing I would have to say to that is that the government has to prove a violation of a predicate felony. It doesn't have to necessarily prove that it was the defendant himself that did the violation. So that's one question. Give me that again. You're saying that they have to prove that the defendant, the petitioner here, did the violation. Is that what you're arguing? Well, they have to prove a violation. He pled guilty. He pled guilty to aiding and abetting. So it happened. He said it happened. He agreed under oath it happened, right? He was sworn there was a colloquy who said it happened and they aided and abetted. Why isn't that game up? Yes, Your Honor. The government has suggested that at a minimum we would need supplemental briefing. If that's the case, then there's no efficiency gain for this court to answer it versus the BIA, which I believe is. That's what I'm trying to get at. What is the efficiency gain? Now, I grant you that I'm asking you to assume some things, but if you assume this is a divisible statute just for the sake of argument and that we're under the modified categorical approach and bank fraud is an element and he's What else is there for the BIA to do except say, yes, son of a gun, bank fraud, that's a crime involving moral turpitude. Ergo, this aggravated identity theft is, too. Your Honor, with your assumptions, there's not a lot to decide. But I challenge the question that it is an element. If you look at the IJ's authority, he cited a case which held that the predicate felony is an element. Well, yes, of course it's an element. But the question of divisibility is whether the jurors have to agree on what the predicate felony was. And there's no authority for that one way or the other in the record. I'll try to follow that. You started out by saying that the statute criminalizes use, but it also criminalizes possession. You did not mean to limit the statute's reach to just use it. You do agree it also includes possession as long as subsection C is satisfied. Yes, Your Honor. This does include, at a minimum, the mere possession of a document. And that's what brings it within the ambit of the BIA's holding in matter of CERNA, where they held that criminal possession statutes are only crimes involving moral turpitude if they require the intents to commit a crime involving moral turpitude. Well, again, we hear you've got the underlying predicate offense, which he's admitting to aiding and abetting. And under the Supreme Court's reasoning in Flores, wouldn't the mens rea, which is required for 1028A, automatically be certified? Whether we talk about transferring, possessing, or using, we now know that each of those acts has to be done knowingly. Why isn't that enough? The mens rea of the statute is knowingly, as Your Honor has noted. And under matter of CERNA, for a criminal possession statute to be a crime involving moral turpitude, you need to have intent, which is a higher mens rea than merely knowingly. So the government has argued that the predicate felony language denotes some sort of intent requirement. But the language of during and in relation to a predicate felony is actually a much looser relationship that doesn't focus exclusively on intent. Well, there is an intent requirement here. The intent requirement is knowingly. That is the mens rea that's set out in the statute. Yes, that's a mens rea. But I don't believe that's the same as intent. I believe knowingly is a lesser mens rea than intent. OK, so you're saying for a CIMT to be satisfied, it has to be a specific intent. And I don't mean specific intent now, as we've been talking about in homicide. But one has to intend the result. And that is intend the result that one is aiding and abetting. Under matter of surrender, you must intend to use the document somehow. Now, in US v. Williams, this court held that the during and in relation to language, at least in a firearm statute, does not focus on the actor's intentions. The court said, quote, instead of focusing on the defendant's intentions, end quote, we look to a broader totality of the circumstances test to see whether he could have been emboldened to commit the crime by having the firearm, whether the firearm could have helped with some contingency, or whether there's any relationship at all between the firearm and the crime. So it's not a strict relationship of intent, which is what matter of CIRNA requires. Well, CIRNA doesn't really deal with this at all, right? Because it doesn't have the during and in relation to language. That's what the government has been pressing on us, is that you, in your argument, seem to be just blowing past the fact that CIRNA was a straight up possession issue, and this is not a straight up possession statute. It requires that possession to be during and in relation to one of the enumerated crimes. What's wrong with the government's argument there when they say CIRNA doesn't really speak to this point? Yes, well, first, as I said, the during and in relation to language doesn't denote an intent requirement, which is what CIRNA requires. Their second theory is that this statute requires- No, but the underlying crimes would, right? So you may be correct when you say it's not categorical, because I guess it depends on what the underlying crime is. But if the underlying crime is something that is an element, then the specific intent issue is in there, just as you've acknowledged. If a modified categorical approach applies, and bank fraud is what he's pled to, that's the end of the analysis, isn't it? Your Honor, the mens rea of this crime is knowingly. And so I don't think you can import an intent requirement through the predicate felony, because the language connecting it to the overall crime is looser. It's not an intent requirement. The government- Well, you seem to be backing off what you acknowledged before. You're saying now that even if this modified categorical approach applies, and the bank fraud is in the mix, that that is not a crime involving moral turpitude, aggravated identity theft, during and in relation to bank fraud is not a crime involving moral turpitude, because you think the mens rea doesn't fit. I'm saying bank fraud itself may be a crime involving moral turpitude. This statute, it requires that you possess a document knowingly, during and in relation to your predicate felony. And so you don't have to intend to use the document. Well, you have to aid and abet it, though. I mean, I'm not sure. How do you get to the mens rea of aiding and abetting something if you possess it and have no nexus whatsoever to the underlying predicate offense? How are you then aiding and abetting the underlying offense? Isn't that written right into the concept of aiding and abetting, that you intend to advance the underlying predicate offense? So if a crime is aiding and abetting, then we sort of ignore the inchoate character of the crime and we look to the underlying crime. So this case is a little complicated because we have essentially two crimes, and there's a loose link between them. So the question is, do we focus on the overall crime with the plain mens rea of knowingly, or do we focus on this predicate felony, which it's loosely related to? I'm arguing that the crime he was convicted of has a mens rea of knowingly. The durian in relation to language doesn't denote an intent requirement. And I see that my time has expired. So unless there are any questions, I'll reserve the rest of my time. Well, you have reserved five minutes for rebuttal, which is considerable time. So we'll address further questions at that time. Thank you. Mr. O'Connell. Good afternoon, your honors. May it please the court. Joseph O'Connell. I'm at the attorney general. I'm sorry. But hopefully this will get back to normal as soon as possible. So as the intent element, as we argued in our brief, the multiple levels of intent that the state has to prove  should easily satisfy the intent element. So contrary to petitioner's argument that this is just a possession statute, it is not. It is with intent to commit a predicate felony. Mr. O'Connell, let me get you to go to the modified categorical approach issue here to start with, okay. Instead of arguing on the categorical plane for a moment, talk to me about the government's position. Is it or is it not the case that this is a divisible statute? And if it's divisible, why are we arguing about categorical approach? Why aren't we just dealing with the modified and asking the question about bank fraud? Sure. We can go straight to the modified if the court needs to get there. We're trying to get to the categorical approach. This is an absolutely divisible statute because you have to prove without, you don't need to charge it. Can I stop you for a moment and ask you, I know this might be hard, but you may need to slow down. I'm not sure whether Judge McKee and Chief Judge Smith are having problems, but Amaya, you're dropping out. I think the sound of your voice is traveling so fast, it's not making it across. Okay. Through cyberspace. You might have to get closer to the microphone. Oh, okay. I'm trying to fix it here. Don't be so cheap, spring for a headset. They're like 25 bucks. You're the best I can over here. So if you can hear me, we're trying, we're arguing for the broader picture of the categorical, but the court can't get to the modified categorical approach in this case. So again, in terms of interpreting the criminal statutes, the court owes no deference to the board's decision or their analysis in these cases. So if the court wants to go jump ahead and skip categorical, that's totally fine. They can do that. We're happy to brief it, but if they don't need it, then we don't need to brief it either. Well, why don't you adjust that right now though? Sure. We also think that it's an absolutely divisible statute, and we can point you to a good case. The third circuit case law is a little bit sparse, but there's a really good case in the first circuit. And it says that you have to prove beyond a reasonable doubt, the predicate felony in sustaining conviction for aggravated offending theft. I can give you the site too, but I think we cited it in our brief. We might not have, but there's a great first circuit case. But again, easily divisible statute. And if the court wants to jump ahead... Well, when you say jump ahead, maybe you should be wanting to jump ahead because if it's a divisible statute, then how is it to your advantage to argue that it is categorically a crime involving moral turpitude when it's possible to look at the list of felonies and see stuff that kind of makes you wonder, well, maybe that's really not a crime involving moral turpitude. Aren't there examples in there where, if you don't show up at the time and place that the attorney general demands that you are gonna be leaving, you're in trouble. I mean, aren't there some of the felonies that are listed ones that where you'd say, well, that doesn't look to me like a crime involving moral turpitude. I missed the subway or my bus. I didn't make it right where I was supposed to at the right time. You know, I didn't see it. It's quite that lenient. But so we are arguing for the broader bigger or of a generous sort of holding with regard to that statute. But there's no reason that. All right, let me, Mr. O'Connell, isn't the easier path for you, for lack of a better term in this case, application of the modified categorical approach, recognizing that the Justice Department, the government may well want to go down a path of broader significance. In this case, isn't my suggestion of modified being the easier route? Much easier. Correct. Yes, I absolutely can see that. It is an easy to lay up, basically, Your Honor. It's a slam dunk. This is bank fraud. It's you got to prove bank fraud beyond a reasonable doubt. And you're absolutely correct. It's a much easier path. So why shouldn't we take that path? I mean, why isn't this simply game, set and match that bank fraud involves deception? It's necessarily turpitudinous. We apply the modified categorical approach and you win. That would be fine. That would be absolutely fine. We would accept that. Again, that's an easy win for the government. Good, because you win, right? Thank you. We will absolutely take it. We might have been asking for a bit more money in asking for the entire statute to be a CIMT. And again, yeah, if the court wants to apply the modified categorical approach for the easy win, we'll take it. Absolutely. Especially given the severe nature of this petitioner's crime.  because some of the things that it appears were argued for here, or maybe that the board's interpretation in a single judge opinion would require us to say is that the commission of a felony necessarily involves dishonest conduct and therefore is turpitudinous. But if that's the approach, then every felony is a crime involving moral turpitude. That's my problem too. It's like we, again, we win, but I think that that's not exactly what our argument is for the categorical approach. So I would say that. We're having some considerable audio problems here. At least I am with respect to hearing Mr. O'Connell. Both of my colleagues have been coming in loud and clear, but Mr. O'Connell is breaking up right now more than none. I mean, your voice is, you're not. The audio is. I'm trying to get close to the phone again. Is that better? It might be. I need to speak a little more slowly and into the microphone. Okay. So our approach, our argument in terms of the categorical approach is not necessarily just the commission of a felony is enough to make it turpitudinous. Our argument is essentially, it's the deception that is inherent in stealing someone else's identity and then taking that identity to perpetrate a serious felony, which was enumerated by Congress under that statute. So if you look at those, if you look at those crimes, they've listed out in the aggravated felony statute, aggravated identity theft statute, they're all pretty serious and they all involve some level of fraud. So our argument in that categorical approach is not just it's a commission of a felony and so it's turpitudinous. That's the malum prohibitive that petitioner was talking about. This is malum and say, because it is this, the nature of the crime is you're taking someone else's identity and you're using it to fool someone else into giving you what you want. Well, that's true for some of those things, but what makes it aggravated identity theft is that, as you said, you're using it in connection with an enumerated felony, but some of those felonies are like, 1028 AA1B, oh, excuse me, 1253 A1B. That's willful failure or refusal to make timely application in good faith for travel or other documents necessary to the aliens department. That's an enumerated felony. So are you telling me categorically if somebody blows it and they didn't apply for their visa on time, that's a malum and say, that's a reprehensible act. You missed that, that's vile. It's not just that. I would disagree with that because it's not just the predicate felony. It's taking someone else's identity, some human beings identity that you know is not yours and using it to commit that felony. So it's the combination. You're arguing too much. You don't have to go that far. You're being tossed a little softball. We might be asking too much. You're right, your honor. But again, this is an easy win for the modified if you wanna go there. Again, I understand that we might be asking for too much of a holding from the court in this instance. But again, if you want- Not to belabor the sports analogy, but it is hard to understand why you guys are insisting on trying to make a three pointer when as you said, you think you've got a layup. We have a- It's hard to understand. We have a duty to sort of defend the correctness of the board's decision in this case. So we can't kind of go off on our own and sort of argue whatever we want to. But again, in terms of modified, the court doesn't know any deference to the board. So there's no reason to send it back. They can just go ahead and hold whatever they wanna hold because there's no deference owed under Chevron or under Skidmore because this is not a question for the board to address in the first instance. So yeah, if the court wants to go ahead and give us a layup, we will absolutely take it. If there's any substantive questions on whether or not the bank fraud constitutes a CIE or if there's anything else on the intent or reprehensible conduct aspect, I'm happy to answer it. I'm happy to do the supplemental briefing if the court wants it. But I don't- Colleagues, colleagues, can we move to rebuttal? Does that take us far enough? It's fine with me. If so, let's have Mr. Stevens back on rebuttal. You're still on mute, Mr. Stevens. I apologize. For the purpose of the opening argument, we sort of assumed that this statute was divisible. We cannot assume that. Divisibility is a very difficult and tricky inquiry. And the question is whether jurors must agree on which particular predicate felony was committed. The government has cited no authority one way or the other on that topic. Now, the case that they're referring to, I believe that they were referring to Lopez Diaz, said that the predicate, that you do have to prove a predicate felony. But that has nothing to do with divisibility. How about Richardson? Speak to Richardson versus the United States. U.S. Supreme Court case where the court talked about violations and said to hold that each violation here amounts to a separate element, is consistent with the tradition of requiring juror unanimity, where the issue is whether a defendant has engaged in conduct that violates the law. In other words, you would have to have unanimity on a violation, one of those enumerated offenses, and therefore it's an element. What's wrong with that reason? Why doesn't that Supreme Court decision answer the question you're raising? Your Honor, I'm not familiar with that decision. It's not in any of the briefing. Is that an aggravated identity theft decision? No, it's a continuing criminal enterprise case. But the issue is the same. The issue is you've got an underlying violation and it can't just be that one juror thinks, well, I like this violation. Other thinks I like that other violation. No, they've got to be unanimous about the underlying violation. Your Honor, if you look at the test for divisibility laid out by the Supreme Court in Decomp and Mattis, we have to look to precedents interpreting the specific criminal statute that we're looking at. And there is none here. The case that the government cited, Lopez Diaz, I believe that's what they were referring to, held that you do have to prove a predicate felony. That doesn't say that jurors must agree on which one it is. And actually, there's a decision from the Administrative Appeals Office holding that this crime is not divisible. That's in the record at page 720. That's the only decision that I'm aware of on this. But think of the scenario that sets up. If jurors do not have to agree, you go to trial, you go into the jury room, and one jury says, yeah, I'm convinced beyond a reasonable doubt the government has proved this guy aided and abetted a bank fraud. The guy goes, bank fraud? What are you talking about? No, but not even in the case. He aided and abetted somebody not getting the necessary papers in connection with a removal. And someone else says, no, no, that's not in the case. And they said, can you imagine that scenario? It seems to me obvious from the statute and the way it's drafted that we're talking about elements and not means of affecting the same offense. You couldn't have a scenario where you'd have a jury go off and not be charged. You've got to agree on the predicate offense here. I couldn't imagine under the statute such a scenario. So perhaps some jurors think that the predicate felony was bank fraud. Some think that it was credit card fraud, but they agree that he committed a predicate felony, and therefore we can convict him. That would mean that the predicate felony is just a means. No, that would mean probably that you have a poorly instructed jury. Yeah, that would mean a new trial. If it was clear authority. That's the whole point. Yes. Now the government has to prove that this statute is divisible by clear and convincing evidence. So we can't assume that this statute is divisible. And if there's a lack of authority, as there is in this case, we can't assume that it's... Mr. Stevens, they don't have to prove by clear and convincing evidence. This is a legal question. I mean, it's not a factual issue. We read the statute and we ask ourselves, as a matter of law, are those enumerated felonies elements or are they means? And in the question that Judge McKee's just put to you, he's explained, I think, I don't want to put words in his mouth, but how they sensibly need to be considered to be elements. And I think that's a... you got to wrestle with. If the court is to read a statute with the assumption that Congress intended each of its terms to have meaning, which is the rule we go by, why isn't it the case that when this statute says you have to be an aggravated identity theft, you have to have done this in relation to in furtherance of one of these enumerated felonies, one of these things. Why isn't that a way of saying, for Congress to say, it's got to be done in pursuance of one of these things, therefore, an element. Merely listing alternative means of violating the crime doesn't signify that they are elements. The Supreme Court has said that the modified categorical approach... By definition, that's right. We agree on that. That's the definition of what's an element and what's a factual consideration, but that's not what you're really being asked now. What Judge Jordan is suggesting, and I don't want to put words into his mouth, is that we can look at this statute and determine whether or not, just by the scenario that I presented to you, well, are these various means that one could commit the same crime or are these elements that must be proven to establish the violation of a crime? And as I said earlier, it's hard for me to imagine a scenario where jurors could be wildly in disagreement over what the person actually did and still come back with proof beyond a reasonable doubt that the person violated the statute. It makes no sense. It'd be one thing if they were very closely aligned, but they're not because, as Judge Jordan said earlier, the conduct gets swept up into these predicate acts. It's all over the place. It'd be one thing if, well, credit card theft, okay, arguably that's related to bank fraud because a bank may well and probably is the issue of the credit fraud, but it's not cabined just to those kinds of offense because you've got the travel documents and those kinds of things all woven into the statute. Yes, Your Honor. Some of the predicate felonies certainly overlap. Now, the government has to produce authority to show that a statute is divisible. We can't just assume it because merely listing alternative means of violating the crime doesn't prove that it's divisible. The Supreme Court has said- The rabbit in the hat will say that. We've heard that statement. I can't call it an argument, that statement of legal principle now numerous times, but I'm not sure that it enlightens us at all. Well, I think the enlightening decisions as to divisibility are the Supreme Court's decisions in Decomp and Mattis, and I don't think that the government has the authority they need to show divisibility under those two decisions. All right, Mr. Stevens. I think we have exceeded your time, and I think we understand your position. Thank you very much, and thank you to both of counsel. Thank you for indulging us with the difficult media that we are required to use for oral argument these days, or at least most of them. We'll take the case under advisement, and I'm going to declare a brief recess.